IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
MAR 2 2 2006
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

MICHAEL TEMPLE, )
)
      Plaintiff, )
)
v. ) No.:
)
CHICAGO POLICE OFFICER JAMES ) JURY DEMAND
WALSH, STAR NO. 9090, Individually and as )
employee/Agent of the CITY OF CHICAGO, ) **06CV1602**
a municipal Corporation, )
) **JUDGE NORGLE**
      Defendants. ) **MAG. NOLAN**

## COMPLAINT AT LAW

NOW COMES, MICHAEL TEMPLE, by and through his attorney, JEFFREY J. NESLUND, and in complaining of the Defendants, CITY OF CHICAGO and CHICAGO POLICE OFFICER JAMES WALSH, STAR NO. 9090, states as follows:

### INTRODUCTION

1. This is an action for civil damages brought pursuant to 42 U.S.C. Sec. 1983 for the deprivation of plaintiff's constitutional rights. This Court has jurisdiction pursuant to 28 U.S.C. Sec. 1331 and 1343.

2. Venue in this district is proper pursuant to 28 U.S.C sec. 1391 (b), because the facts which give rise to the claims asserted herein occurred in the Northern District of Illinois.

3. Plaintiff, MICHAEL TEMPLE, is an individual who at all times relevant hereto was living in the Northern District of Illinois.

4. Defendants, CHICAGO POLICE OFFICER JAMES WALSH, STAR NO. 9090, was at all times material hereto, a duly appointed Chicago Police Officers employed by the City of

1

Chicago acting in the capacity of a sworn law enforcement official.

## FACTUAL SUMMARY

5. On September 8, 2004, the Plaintiff was with several friends in the vicinity of 10553 S. Yates in Chicago, Cook County, Illinois.

6. The DEFENDANT OFFICER drove up to the Plaintiff and his friends and told them all to come over to the squad car.

7. The DEFENDANT OFFICER exited his vehicle and ordered the Plaintiff and his friends to place their hands on the squad car and began to search the plaintiff.

8. The DEFENDANT OFFICER ordered Plaintiff to remove his belt during the search.

9. The Plaintiff's pants fell down once he moved his belt. As Plaintiff pulled his pants up, the DEFENDANT OFFICER yelled, "who the fuck told you to pull up your pants. I'm tired of your fucking attitude."

10. The DEFENDANT OFFICER then placed one handcuff on Plaintiff's left wrist and struck Plaintiff in the right ear.

11. The DEFENDANT OFFICER repeatedly struck the Plaintiff and forced Plaintiff into the squad car.

12. Additional officers arrived at the scene and pulled Plaintiff out of the DEFENDANT OFFICER's squad car.

13. The DEFENDANT OFFICER and other unknown officers placed restrains on the Plaintiff's ankles. One of the unknown officers squeezed the Plaintiff's genitals and yelled at the Plaintiff, "mother fucker, you want to fuck with the police."

14. The Plaintiff was subsequently transported to the 4th District. While handcuffed at the

police stations, the DEFENDANT OFFICER banged the Plaintiff's face into the wall.

15. While at the 4th District, an unknown Sergeant told Plaintiff, "Your lucky that lady came out of her house, you should thank her."

16. The Plaintiff was subsequently charged with a misdemeanor offense of criminal damage to property and battery.

## COUNT I
## 42 U.S.C. § 1983: Excessive Force

17. Plaintiff re-alleges and incorporates paragraphs 1-16 above as fully stated herein.

18. The acts of the DEFENDANT OFFICER were a deliberate and malicious deprivation of the Plaintiff's constitutional rights against excessive force as guaranteed to the Plaintiff by the Fourth Amendment of the Constitution and made applicable to the states by the Fourteenth Amendment.

19. As a result of the unreasonable and unjustifiable excessive force used by the DEFENDANT OFFICER, the Plaintiff suffered physical and emotional injuries, and other damages in violation of 42 U.S.C. 1983.

## COUNT II
### Monell Claim
### (City of Chicago)

20. Plaintiffs re-allege and incorporate paragraphs 1-16 above as fully stated herein.

21. The misconduct described in this complaint was undertaken under the policy and practice of the Chicago Police Department in that:

    a. As a matter of both policy and practice, the Chicago Police Department

directly encourages the misconduct described above, and is thereby the moving force behind, the very type of misconduct at issue here by failing to adequately train, supervise and control its officers, such that its failure to do so manifests deliberate indifference;

b. As a matter of both policy and practice, the Chicago Police Department facilitates the very type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Plaintiff; specifically, Chicago Police Officers accused of excessive force can be confident that the Office of Professional Standards will not investigate those accusations in earnest and will refuse to recommend discipline even where the Officer has engaged in excessive force;

c. Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff on a frequent basis, yet the Chicago Police Department makes findings of wrong doing in a disproportionately small number of cases;

d. Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which officers fail to report misconduct committed by other officers, such as the misconduct at issue in this case;

e. The City of Chicago has failed to act to remedy the patterns of abuse describe in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

f. As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of excessive force against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a police officer's career;

g. As a matter of express policy, the City of Chicago refuses to take into consideration patters of allegations of civil rights violations when evaluating the merits of any particular complaint. In other words, if a police officer is accused of the same sort of misconduct twenty times in row the Office of Professional Standards ("O.P.S.") is forbidden by the City from considering those allegations if they are deemed unsustained; and

h. The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains less than 5% of the complaints brought against police officers for violations of civil rights.

22. Such deliberate indifference by the City of Chicago resulted in a custom and defacto policy of failing to receive, investigate, or act on citizen complaints of misconduct and abusive behavior by DEFENDANT OFFICER.

23. As a result of the above described custom and defacto policy of DEFENADNT, CITY OF CHIACGO, the Plaintiff suffered financial and other damages, including, but not limited to,

5

substantial mental stress and anguish.

## COUNT III
### State Law claim: Indemnification

24. Plaintiff re-alleges and incorporates paragraphs 1-16 above as fully stated herein.

25. In Illinois, public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. 735 ILCS 10/9-102.

26. DEFENDANT OFFICER is or was an employee of the CITY of CHICAGO and acted within the scope of their employment in committing the misconduct described herein.

## REQUEST FOR RELIEF

27. Plaintiff, MICHAEL TEMPLE, respectfully requests that the Court:

   a. Enter judgment in his favor and against Defendant, CHICAGO POLICE OFFICER JAMES WALSH, STAR NO. 9090;

   b. Award compensatory damages against Defendant, CHICAGO POLICE OFFICER JAMES WALSH, STAR NO. 9090;

   c. Award attorneys' fees against Defendant, CHICAGO POLICE OFFICER JAMES WALSH, STAR NO. 9090;

   d. Award punitive damages against CHICAGO POLICE OFFICER JAMES WALSH, STAR NO. 9090 in his individual capacities; and

   e. Grant any other relief this Court deems just and appropriate.

## JURY DEMAND

Plaintiff, MICHAEL TEMPLE, demands a trial by jury under the Federal Rule of Civil Procedure 38(b) on all issues so triable.

Respectfully submitted,

_____
JEFFREY J. NESLUND
Attorney for Plaintiff

Jeffrey J. Neslund
Law Offices of Jeffrey J. Neslund
150 North Wacker Drive
Suite 2460
Chicago, Illinois 60606
(312) 223-1100